# United States Court of Appeals for the Fifth Circuit

---

No. 23-60107
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEDERRIUS DAVONTE BROWN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:21-CR-103-1

---

Before SMITH, HO, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Lederrius Brown appeals his convictions of being a felon in possession of a firearm and aiding and abetting bank burglary. Brown contends that the district court erred in failing to convene a competency hearing *sua sponte*.

A defendant "has a procedural due process right to a competency hearing if the evidence before the district court raises a bona fide doubt as to

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60107

[his] competence to stand trial." *United States v. Teijeiro*, 79 F.4th 387, 393 (5th Cir. 2023) (internal quotation marks, brackets, and citation omitted). We consider three factors in determining whether a district court reversibly erred in failing to convene a competency hearing *sua sponte*: "(1) any prior medical opinion on competency, (2) the defendant's demeanor at trial, and (3) any history of irrational behavior." *Id.* We need not decide whether our review is for plain error or for abuse of discretion, as Brown cannot prevail under either standard. *See id.* at 392–94.

Brown's mental status was evaluated by a prison psychologist. Based on interviews, observations of Brown's behavior, and clinical testing, she determined that Brown suffered from a mild cognitive impairment related to a fall in 2020 but that he was malingering and exaggerating his symptoms in order to evade prosecution. Testing and observation indicated he understood the charges against him, and there was no objective evidence of any impairment to his ability to assist counsel in his defense. After the forensic evaluation was completed, Brown entered a guilty plea and indicated he understood the proceedings. The forensic evaluation and Brown's demeanor during the rearraignment hearing strongly support the district court's decision not to convene a competency hearing *sua sponte*. Thus, there was no reversible error. *See id.* at 393–94.

The judgment is AFFIRMED.